COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

ROBERT SCOTT STUCKS,                                )

                                                                              )              No.  08-01-00465-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
385th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )               
(TC# CR-26,382)

                                                                              )

 

 

O
P I N I O N

 

Appellant Robert
Scott Stucks was convicted of burglary of a
habitation in Midland County.   The case
was tried to a jury, which found him guilty and sentenced him to 9 years in
prison and a  $10,000
fine.  The sole issue here is whether he
was entitled to an instruction on the lesser-included offense of assault.

Trina Olgin and the Appellant=s
wife, Shawna Stucks were
for a time friends and they loaned each other clothes.  At some point the friendship ended.  In September 2000, both women still possessed
clothes that had been borrowed from the other and in particular, Ms. Olgin had a shirt that belonged to Appellant.








In the early
morning hours of September 18, 2000, Appellant phoned Ms. Olgin
to reclaim his shirt.  He wanted to go to
her apartment to get the shirt, but Ms. Olgin did not
give him permission to visit that evening. 
She requested Shawna return the clothes she
had borrowed as well.  The two argued and
eventually Ms. Olgin hung up on Appellant.  Later that night, someone knocked on Ms. Olgin=s
front door.  She did not recognize the
person at the door and decided not to answer it.  Shortly afterwards, the door flew open and
Appellant entered.  Appellant then began
physically assaulting Ms. Olgin.  

He hit her
repeatedly on the top of her head with his fists while she was rolled up in a
ball on her couch.  Gabriel Gonzalez, who
was living with Ms. Olgin, awoke to his girlfriend=s cries for help.  He entered the living room, pulled Appellant
off Ms. Olgin, and threw him out of the
apartment.  Ms. Olgin
called 911.  

At approximately
1:50 a.m., the police arrived at Gonzalez=s
and Ms. Olgin=s
apartment in response to a report of domestic disturbance.  Upon their arrival, the officers found the
door of the apartment kicked in by force. 
The door had been secured by three locks, all of which were broken.  The door frame was damaged and wood splinters
and pieces of sheetrock were on the floor. 
The police also found a footprint on the door itself.  At trial, Officer Steve McNeil testified that
objects in the apartment were in disarray and knocked over.  He stated that it appeared to him that there
had been a disturbance in the apartment. 









During trial, the
State called four witnesses:  Officer
McNeil, Officer Matthew Sowle, Trina Olgin, and Gabriel Gonzalez.  The State also entered photographic exhibits
of the apartment door and the imprint of a shoe which had been left on the
door.  The prosecution also entered into
evidence a pair of VANS running shoes that had been seized from Appellant the
night of the incident.  The shoes
appeared to be the same size and brand as those which left an imprint on Ms. Olgin=s
front door.  

The Appellant
called no witnesses during the guilt/innocence portion of the trial.  In closing argument, defense counsel argued
Appellant had implied consent to enter Ms. Olgin=s apartment based on her comments to
him on the phone regarding a possible exchange of clothing between the two
women.  Based on this theory, the defense
requested the inclusion of the lesser-included offense of assault in the jury
charge.  The trial court denied the
request.  On appeal, Appellant contends
the trial court=s denial
of the requested charge constitutes reversible error.

AThe function of the jury charge is to
instruct the jury on applying the law to the facts.@  Abdnor v. State, 871 S.W.2d 726, 731 (Tex.Crim.App.
1994).  The function of the charge
is to guide jurors in their deliberations and prevent confusion.  Id. 
The jury charge is a fundamental tool in deliberations and must include
a correct statement of the law.  Id.;
Cane v. State, 698 S.W.2d 138, 140 (Tex.Crim.App.
1985).  An incorrect or incomplete charge
endangers an accused=s
right to jury trial by failing to properly assist the jury in its fact-finding
function.  Abdnor,
871 S.W.2d at 731. 
When this occurs, the integrity of the verdict is called into
doubt.  Id.








Nonetheless, an
erroneous or incomplete jury charge does not automatically require reversal of
a conviction.  Tex.Code Crim.Proc.Ann.
art. 36.19 (Vernon 1981); Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). 
The reviewing court follows a two-step process in examining potential
jury charge error.  Arline v. State, 721
S.W.2d 348, 351 (Tex.Crim.App. 1986); Washington
v. State, 930 S.W.2d 695, 698 (Tex.App.--El Paso
1996, no pet.).  First, we must
determine whether error exists.  Id.  Second, if error is found, then we must
determine whether the error resulted in sufficient harm to require
reversal.  Id.  If a timely objection has been made at trial,
we need only find Asome harm@ in order to require reversal.  Almanza, 686 S.W.2d at 171; Venhaus v.
State, 950 S.W.2d 158, 163 (Tex.App.--El Paso
1997, pet. ref=d).

To resolve whether
a defendant is entitled to the inclusion of an instruction on a lesser-included
offense in the jury charge, we employ the two-prong test set forth in Rousseau
v. State.[1]  Bignall
v. State, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994)(en banc); Venhaus, 950
S.W.2d at 161.  First, the
lesser-included offense must be included within the proof necessary to
establish the charged offense.  Rousseau,
855 S.W.2d at 672. 
Second, some evidence must exist in the record that would allow a jury
to conclude that if the defendant is guilty, he is guilty only of the lesser
offense.  Id. at
672-73.








In this case, the
offense of assault[2]
is a lesser-included offense of burglary of a habitation.[3]  Thus, the inquiry is whether the second prong
of the Rousseau test is satisfied. 
To resolve this issue, we review the entire record for any evidence that
would support a verdict of guilt only of the charge of assault.  Even a mere scintilla of evidence will warrant
the inclusion of the lesser charge. 
Conflicts in evidence and the credibility of witnesses are not to be
considered.

After reviewing
the complete record, we conclude that no evidence was presented to the jury
which would support a finding that Appellant was guilty only of assault.  Rousseau, 855 S.W.2d
at 672.  In closing argument, the
defense advanced the idea that Ms. Olgin had
impliedly given Appellant permission to enter her home.  However, none of the State=s witnesses, including Trina Olgin, offered any evidence suggesting Appellant entered
the apartment of Ms. Olgin and Gonzalez with their
consent.  Rather, all of the testimony
shows that he entered by kicking in a locked front door.  Ms. Olgin testified
that while on the phone with Appellant, she suggested he tell his wife, Shawna, to bring by the clothes she had borrowed and they
could exchange with each other.  However,
Ms. Olgin repeatedly stated she did not give consent
for Appellant to visit her apartment that night.  Moreover, she certainly never testified to
giving him authority to enter her apartment at will.  On the contrary, she testified she did not
personally know Appellant and did not want him visiting her apartment.








Appellant did not
testify at trial and there was no evidence indicating he entered the apartment
with the consent of Trina Olgin or Gabriel
Gonzalez.  Tex.Pen.Code Ann. '
30.02.  There is no evidence that would
permit a jury rationally to find that if Appellant was guilty, he was guilty
only of assault.  Rousseau, 855 S.W.2d at 672. 
The second prong of the Rousseau test was not met.  Id. Therefore, a charge of assault was
not appropriate.

The issue is
overruled and the judgment of the trial court is affirmed.

 

 

                                                                                 


August
15, 2002                                               DAVID
WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1] 855 S.W.2d 666, 672 (Tex.Crim.App. 1993)(en banc), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).





[2] Assault is defined by Texas
Penal Code ' 22.01.  It
provides in part:

 

(a)        A person commits an offense if the
person:

(1)        intentionally, knowingly, or recklessly
causes bodily injury to another, including the person=s spouse;

(2)        intentionally or knowingly threatens
another with imminent bodily injury, including the person=s spouse;
or

(3)        intentionally
or knowingly causes physical contact with another when the person knows or
should reasonably believe that the other will regard the contact as offensive
or provocative.

Tex.Pen.Code Ann. ' 22.01 (Vernon Supp. 2002).





[3] Burglary of a habitation is an offense under Texas Penal Code '
30.02.  This section provides in part:

 

(a)        A person commits an offense if, without
the effective consent of the owner, the person:

(1)        enters a habitation, or a building (or
any portion of a building) not then open to the public, with intent to commit a
felony, theft, or an assault; or

(2)        remains concealed, with intent to commit
a felony, theft, or an assault, in a building or habitation; or

(3)        enters a
building or habitation and commits or attempts to commit a felony, theft, or an
assault.

 

(b)        For purposes of this section, Aenter@ means to
intrude:

(1)        any part of the body; or

(2)        any physical
object connected with the body.

Tex.Pen.Code Ann. ' 30.02 (Vernon Supp. 2002).